UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CHRISTOPHER PECK,

    **Plaintiff,**

vs.

**PORTFOLIO RECOVERY ASSOCIATES, LLC.**

    **Defendant.**
_____/

CASE NO.

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Christopher Peck ("Plaintiff"), alleges the following Complaint against Defendant, Portfolio Recovery Associates, LLC, ("Defendant"):

1. This is an action for damages for violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* (hereinafter the "FCCPA").

## PARTIES

2. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

3. Defendant is a foreign company with its principal place of business in Virginia. Defendant has a registered agent located in the State of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4. Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA claim, 15 U.S.C. § 1692k(d) for the FDCPA claim, and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

7. On or around September 2014, Plaintiff incurred a consumer debt associated with credit card services provided to Plaintiff by the Home Shopping Network in the approximate amount of $350 (hereinafter "Subject Debt").

8. The Subject Debt is considered a "consumer debt" as defined by the FDCPA and FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

9. Shortly thereafter, Plaintiff allegedly defaulted on the Subject Debt.

10. After the time that Plaintiff defaulted on the alleged Subject Debt, it was assigned or consigned to, or purchased by, Defendant for purposes of collection.

11. Soon thereafter, Defendant began a campaign of harassing and abusive efforts to collect the debt owed by Plaintiff.

12. As part of its efforts to collect the debt, Defendant began a campaign of calling Plaintiff numerous times, often multiple times a day, on Plaintiff's cellular telephone, i.e., (XXX-XXX-9484) and at Plaintiff's home telephone, i.e., (XXX-XXX-4689).

13. Plaintiff requested Defendant to stop calling his cellular telephone and home telephone line numerous times, as Plaintiff informed Defendant that he was not going to pay the debt and that they were harassing him.

14. Defendant continued to attempt to collect the subject debt after Plaintiff had communicated the reasons why he refused to pay the debt, and after all reasonable efforts at persuasion and negotiation had failed.  After Plaintiff had conveyed such information, Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

15. Additionally, Defendant routinely used an automatic telephone dialing system to call Plaintiff on his cellular telephone, for which Plaintiff was charged, without Plaintiff's prior express consent.

16. The Defendant made approximately fifty (50) calls to Plaintiff's cellular telephone, or as will be established after a thorough review of Defendant's records, including but not limited to on February 23, 2015, February 27, 2015, March 3, 2015, March 5, 2015, twice on March 9, 2015, and March 11, 2015.

17. The general context of the calls was Defendant would call Plaintiff's cellular telephone and Plaintiff would answer "hello?" There would be a lack of human response for a few seconds in which time Plaintiff could hear background noise.  Finally, Defendant would respond to Plaintiff and attempt to collect the Subject Debt.

18. On the March 11, 2015 call, Plaintiff reiterated that he has told Defendant numerous times to stop calling in the past.  Defendant informed Plaintiff he could not be removed from the list and he would be called again.

## COUNT I

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully stated herein.

20. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

21. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

22. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

23. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

24. Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed calls to his cellular telephone – and /or willfully used an automatic telephone dialing system to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

25. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though stated fully herein.

26. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692d and 1692d(5).

27. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

28. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

   a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

30. As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**DISPARTI LAW GROUP, P.A.**

/s/ *Jon Dubbeld*
Paul Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Jon Dubbeld, Esq.
Fla. Bar No. 105869
2154 Duck Slough Blvd., Suite 101
Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiffs*